# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL A. TURNER, | Case No. 1:23-cv-01449-NODJ-BAM (PC) |
| Plaintiff, | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |
| v. | (ECF No. 14) |
| CASTILLO, *et al.*, | |
| Defendants. | |

Plaintiff Paul A. Turner ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On December 27, 2023, the Court screened the complaint, found that it failed to state any cognizable claims for relief, and granted Plaintiff leave to file an amended complaint or notice of voluntary dismissal within thirty days. (ECF No. 13.)

Currently before the Court is Plaintiff's motion for appointment of counsel, filed December 29, 2023. (ECF No. 14.) Plaintiff states that he requests appointment of counsel to represent his interests in this action, and that he has no other means to gain meaningful access to the courts due to his incarcerated status as an indigent defendant.[1] (*Id.*) Although Plaintiff refers to a declaration, memorandum of points and authorities, and other evidence in support of his motion, Plaintiff is informed that no other documents were included with his motion for appointment of counsel.

Plaintiff is informed that he does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other*

---

[1] The Court notes that while Plaintiff refers to himself repeatedly as the "defendant" in this action, he is proceeding as the plaintiff.

1

*grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

The Court has considered Plaintiff's request, but does not find the required exceptional circumstances. Even if it is assumed that Plaintiff has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases filed almost daily by prisoners who must litigate their cases without the assistance of counsel.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Plaintiff's complaint was screened and found not to state any cognizable claims, and an amended complaint has not yet been filed. Therefore, the Court cannot evaluate the likelihood of success on the merits. Finally, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.

Accordingly, Plaintiff's motion to appoint counsel, (ECF No. 15), is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **January 8, 2024**          /s/ *Barbara A. McAuliffe*          
                                    UNITED STATES MAGISTRATE JUDGE