# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

PAUL A. TURNER,

Plaintiff,

v.

D. CASTILLO, et al.,

Defendants.

Case No.: 1:23-cv-001449-NODJ-BAM (PC)

FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS

(ECF No. 18)

**FOURTEEN (14) DAY DEADLINE**

Plaintiff Paul A. Turner ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. The Court screened Plaintiff complaint, and Plaintiff was granted leave to amend. Plaintiff's first amended complaint is currently before this Court for screening. (ECF No. 1.)

## I. Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II. Plaintiff's Allegations

Plaintiff is currently housed at California Substance Abuse and Treatment Facility ("SATF"). Plaintiff alleges that the events in the complaint occurred at Kern Valley State Prison ("KVSP"). Plaintiff names Correctional Officer David Castillo as the sole defendant.

In claim 1, Plaintiff alleges a due process violation and an Eighth Amendment violation. Plaintiff was housed at KVSP, A-yard on June 8, 2022. Plaintiff was conducting his assigned duties as a laundry worker on A yard. Plaintiff collected and distributed laundry to prisoners and other housing units on facility A. At about 8:10 am on June 8, Plaintiff and another co-worker were returning to their job site location on the patio of facility A. Upon entering the patio, Defendant Castillo ordered Plaintiff and the coworker to submit to a pat down. The coworker was ordered to go to work. Plaintiff was ordered to go sit down on the floor and was ordered to be "stripped out naked visual of patio camera and D. Castillo body camera also my co-workers and my boss was visual of me getting stripped out naked." (ECF No. 18 p. 5.) Plaintiff voiced his objections of his rights being violated and the lack of privacy. After being searched on the patio, Plaintiff was handcuffed and taken to the program office where Defendant Castillo stripped Plaintiff out naked again so that Plaintiff could spread his butt cheek for Defendant Castillo. Plaintiff filed an administrative appeal to see the patio camera and body camera. Plaintiff was

found guilty on 5/6/23 for drugs. Based on June 8, 2022 incident, there was no mention of drugs being found on Plaintiff. Plaintiff was sent back to Plaintiff's cell on facility A. Under Title 15, any incident that is serious, video is supposed to be saved and shown to Plaintiff for an RVR. Plaintiff was denied video evidence. The video will show that Castillo stripped Plaintiff out naked out doors on the patio.

In claim 2, Plaintiff alleges a failure to protect his safety and security and fabrication of evidence, abuse of power, and retaliation. After the above incident, Defendant Castillo influenced other officers to not call Plaintiff to work from June 9, 2022 to August 9, 2022. Plaintiff was not permitted to go to his work assignment. On August 10, 2022, Plaintiff was permitted to collect laundry on A yard. Plaintiff picked up the laundry cart in front of A Yard building 2. On the way to the patio, Defendant Castillo was waiting for Plaintiff where Castillo patted Plaintiff down. He asked Plaintiff if Plaintiff had anything in the cart. Plaintiff said it was dirty laundry and Plaintiff's Muslim oil. Plaintiff was then handcuffed and placed in a holding cell where Plaintiff was stripped naked and was told that the Muslim oil tested positive for meth. Plaintiff was ordered to go back to his cell on A yard. After this Defendant Castillo told Plaintiff's coworkers that Plaintiff had said that "it" was Plaintiff's co-workers' drugs, because Castillo wanted Plaintiff to get hurt by Plaintiff's peers. On August 17, 2022, Plaintiff was unassigned from laundry. Castillo has showed his abuse of power and how he can violate Plaintiff's rights and have inmates hate Plaintiff. Castillo, during the incidents, threatened to get Plaintiff fired and get Plaintiff off of A yard, which happened. He got charges filed against Plaintiff. Plaintiff "observed c/o Castillo telling my coworkers that as long as I was assigned to laundry he would frequently search them." Plaintiff took this as a means of intimidation to get Plaintiff off the yard.

As remedies, Plaintiff wants the courts to investigate Defendant Castillo, Plaintiff wants him fired and wants compensation of $50,000.

## III. Discussion

### A. Federal Rule of Civil Procedure 8

Pursuant to Rule 8, a complaint must contain "a short and plain statement of the claim

showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–57; *Moss*, 572 F.3d at 969.

Here, Plaintiff's complaint is short, but is not a clear statement. Plaintiff's complaint relies on generalized and conclusory allegations and lacks specific factual allegations about what happened. Most of Plaintiff's allegations are vague and conclusory statements that do not contain enough factual details to permit the Court to draw the reasonable inference that any named Defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. General assertions regarding who knew what about Plaintiff are not sufficient, and Plaintiff may not merely state that actions happened without providing any factual allegations in support of his claims.

**B. Fourth Amendment – Strip Searches**

"The Fourth Amendment prohibits only unreasonable searches." *Bell v. Wolfish*, 441 U.S. 520, 558 (1979). Courts regularly recognize the importance and difficulty of keeping detention facilities free from drugs, weapons, and other contraband. *Id.* at 559; *see also Way v. Cty. of Ventura*, 445 F.3d 1157, 1161 (9th Cir. 2006). However, courts also recognize the "frightening and humiliating invasion" occasioned by a strip search "even when conducted with all due courtesy." *Way*, 445 F.3d at 1160 (internal quotation marks omitted*); Byrd v. Maricopa Cty. Sheriff's Dep't*, 629 F.3d 1135, 1143 (9th Cir. 2011). Although some visual body cavity searches of prisoners may be reasonable, others can "be excessive, vindictive, harassing, or unrelated to any legitimate penological interest." *Michenfelder v. Sumner*, 860 F.2d 328, 322 (9th Cir. 1988) ("[I]ncarcerated prisoners retain a limited right to bodily privacy."). There is no precise definition to assess reasonableness, and each case "requires a balancing of the need for the particular search against the invasion of personal rights that the search entails." *Bell*, 441 U.S. at 559. The prisoner "bears the burden of showing that [prison] officials intentionally used exaggerated or excessive

means to enforce security." *Thompson v. Souza*, 111 F.3d 694, 700 (9th Cir. 1997) (quoting *Michenfelder*, 860 F.2d at 333) (finding visual body cavity search conducted in full view of other inmates and intended to detect illicit drugs was reasonably related to a legitimate penological interest).

Plaintiff alleges that he was strip searched, but routine strip searches have been held constitutional. *See generally Michenfelder v. Sumner*, 860 F.2d at 333. However, Plaintiff alleges that the first strip search was done in a manner to invade his privacy by recording the search on Defendant's body worn camera and/or on the patio camera. "The [Supreme] Court [has] obviously recognized that not all strip search procedures will be reasonable; some could be excessive, vindictive, harassing, or unrelated to any legitimate penological interest." *Michenfelder*, 860 F.2d at 332.

As to the first strip search on the patio, liberally construing the allegations in the complaint, Plaintiff states a Fourth Amendment violation for conducting the first strip search with an activated body camera and patio camera.[1]

**C. False Accusation**

Plaintiff appears to allege that he received a false disciplinary report. Although not entirely clear, it appears Plaintiff is alleging that he was falsely accused of possession of controlled substances.

Inmates do not have any due process right to be free from false disciplinary charges. *See Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986) (inmates have "no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest," provided that they are "not . . . deprived of a protected liberty interest without due process of law."); *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989) ("Sprouse's claims based on the falsity of the charges and the impropriety of Babcock's involvement in the grievance procedure, standing alone, do not state constitutional claims."). Accordingly, Plaintiff's claim that any defendant wrote a false disciplinary charge or misclassified

---

[1] This screening order recognizes a cognizable claim only for the strip search in which the body camera was activated and/or the patio camera activated. Where the strip search was conducted without the cameras being activated (i.e., in the program office), the Court does not find a cognizable claim.

a disciplinary charge fails to state a cognizable claim.

The creation of false evidence, standing alone, is not actionable under § 1983. See *Hernandez v. Johnston*, 833 F.2d 1316, 1319 (9th Cir. 1987) (independent right to accurate prison record has not been recognized*); Johnson v. Felker*, No. 1:12–cv–02719 GEB KJN (PC), 2013 WL 6243280, at *6 (E.D. Cal. Dec. 3, 2013) ("Prisoners have no constitutionally guaranteed right to be free from false accusations of misconduct, so the mere falsification of a report does not give rise to a claim under section 1983.") (citations omitted). Moreover, "plaintiff cannot state a cognizable Eighth Amendment violation based on an allegation that defendant[ ] issued a false rule violation against plaintiff." *Jones v. Prater*, No. 2:10-cv-01381 JAM KJN P, 2012 WL 1979225, at *2 (E.D. Cal. Jun. 1, 2012); *see also Youngs v. Barretto*, No. 2:16-cv-0276 JAM AC P, 2018 WL 2198707, at *3 (E.D. Cal. May 14, 2019) (noting that issuance of false rules violation report does not rise to the level of cruel and unusual punishment) (citations omitted).

Here, Plaintiff does not allege that he was prosecuted for the false charges. *See Theodoropoulos v. Cty. of Los Angeles*, Case No. 2:19-cv-00417-JGB-KES, 2020 WL 5239859, at *4 (C.D. Cal. Jul. 17, 2020) ("[F]abrication of evidence is not a constitutional violation unless the fabricated evidence played a material role in the plaintiff's prosecution.").

**D. Fourteenth Amendment – Procedural Due Process**

Plaintiff may be attempting to allege that he was denied due process at his RVR hearing because the video evidence was not available. The Due Process Clause protects prisoners from being deprived of liberty without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. *Hewitt v. Helms*, 459 U.S. 460, 466 (1983).

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are: (1) written notice of the charges; (2) at least 24 hours between

the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. *Wolff*, 418 U.S. at 563-71. In addition "[s]ome evidence" must support the decision of the hearing officer. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985). The standard is not particularly stringent and the relevant inquiry is whether "there is any evidence in the record that could support the conclusion reached . . . ." *Id.* at 455–56 (emphasis added).

Plaintiff alleges that video evidence was not permitted or shown at his RVR hearing, and it may have been deleted. Plaintiff does not have a due process right to present audio or video recordings during a disciplinary hearing, as long at the *Wolff* factors are satisfied. As alleged, the complaint does not set forth sufficient information to determine whether Plaintiff states a due process claim. Plaintiff has been unable to cure this deficiency.

**E. Retaliation**

It is unclear what Plaintiff's First Amendment claim is, and Plaintiff may be alleging a claim for retaliation. Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567– 68 (9th Cir. 2005); *accord Watison v. Carter*, 668 F.3d 1108, 1114-15 (9th Cir. 2012); *Silva*, 658 at 1104; *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009).

Adverse action taken against a prisoner "need not be an independent constitutional

violation. The mere threat of harm can be an adverse action." *Watison*, 668 F.3d at 1114 (internal citations omitted). A causal connection between the adverse action and the protected conduct can be alleged by an allegation of a chronology of events from which retaliation can be inferred. *Id.* The filing of grievances and the pursuit of civil rights litigation against prison officials are both protected activities. *Rhodes*, 408 F.3d at 567–68. The plaintiff must allege either a chilling effect on future First Amendment activities, or that he suffered some other harm that is "more than minimal." *Watison*, 668 F.3d at 1114. A plaintiff successfully pleads that the action did not reasonably advance a legitimate correctional goal by alleging, in addition to a retaliatory motive, that the defendant's actions were "arbitrary and capricious" or that they were "unnecessary to the maintenance of order in the institution." *Id.*

Plaintiff has failed to allege the facts for each of the elements of a claim for retaliation against any defendant. Plaintiff does not allege any protected conduct he engaged in. Plaintiff also fails to allege that any conduct chilled Plaintiff's First Amendment rights or that it did not reasonably advance a legitimate correctional goal. Plaintiff has been unable to cure this deficiency.

**F. Prison Regulations**

To the extent that Plaintiff attempts to bring any claims solely based on a defendant's violation of prison rules and policies, he may not do so, as alleged violations of prison rules and policies do not give rise to a cause of action under § 1983. Section 1983 provides a cause of action for the deprivation of federally protected rights. "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, [s]ection 1983 offers no redress." *Sweaney v. Ada Cty., Idaho*, 119 F.3d 1385, 1391 (9th Cir. 1997) (quoting *Lovell v. Poway Unified Sch. Dist.*, 90 F.3d 367, 370 (9th Cir. 1996)); *see Davis v. Kissinger*, No. CIV S–04–0878-GEB-DAD-P, 2009 WL 256574, *12 n. 4 (E.D. Cal. Feb. 3, 2009). Nor is there any liability under § 1983 for violating prison policy. *Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009). Thus, the violation of any prison regulation, rule or policy does not amount to a cognizable claim under federal law, nor does it amount to any independent cause of action under section 1983.

**G. Eighth Amendment – Failure to Protect**

It is unclear if Plaintiff is attempting to allege a claim for failure to protect. Prison officials "are under an obligation to take reasonable measures to guarantee the safety of the inmates." *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984). A prisoner may state a Section 1983 claim under the Eighth Amendment against prison officials where the officials acted with deliberate indifference to the threat of serious harm or injury to him. *Labatad v. Corrections Corp. of America*, 714 F.3d 1155, 1160 (9th Cir. 2013). However, prison officials are liable under the Eighth Amendment only if they demonstrate deliberate indifference to conditions posing a substantial risk of serious harm to an inmate; and it is well settled that deliberate indifference occurs when an official acted or failed to act despite his knowledge of a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S.825, 834, 841 (1994). The official is not liable under the Eighth Amendment unless he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, at 837.

Plaintiff fails to state a cognizable claim against Defendant because Plaintiff fails to allege any factual support that Defendant was aware that Plaintiff was at risk of serious harm and failed to take reasonable action. Further, Plaintiff fails to allege that any harm resulted to Plaintiff because of Defendant's conduct. An assertion that Plaintiff may have been in fear of attack does not subject Defendant to liability for failure to protect under the Eighth Amendment. Plaintiff has not identified any compensable injury to himself. Damages are not available to prisoners asserting only mental or emotional injuries. *Gonzales v. Harmon*, No. 1:21-CV-00796 BAM PC, 2021 WL 5179261, at *3 (E.D. Cal. Nov. 8, 2021), report and recommendation adopted, No. 1:21-CV-00796 NONE BAM PC, 2021 WL 5852720 (E.D. Cal. Dec. 9, 2021).

Here, Plaintiff's allegations do not state, but imply, that he experienced fear, intimidation, and threats of violence as a result of these incidents, but does not allege that he sustained physical injury; nor can such personal physical injury to Plaintiff plausibly be inferred from the alleged facts. Accordingly, Plaintiff fails to state a cognizable claim.

///

**H. Housing**

To the extent Plaintiff attempts to assert a claim for his removal from A yard, he fails to state a claim.

In general, prison officials' housing and classification decisions do not give rise to federal constitutional claims encompassed by the protection of liberty and property guaranteed by the Fifth and Fourteenth Amendments. *Montayne v. Haymes*, 427 U.S. 236, 242 (1976) (It is well settled that prisoners have no constitutional right to placement in any particular prison, to any particular security classification, or to any particular housing assignment.); *accord King v. Lemos*, No. 1:20-CV-01837-NONE-BAM (PC), 2021 WL 2038187, at *6 (E.D. Cal. May 21, 2021).

**I. Prison Employment**

Plaintiff fails to state a cognizable claim under either the Fourteenth Amendment or Eighth Amendment for loss of his prison job.

There is no constitutional right to a prison job. "[T]he Due Process Clause of the Fourteenth Amendment 'does not create a property or liberty interest in prison employment[.]' " *Walker v. Gomez*, 370 F.3d 969, 973 (9th Cir. 2004) (quoting *Ingram v. Papalia*, 804 F.2d 595, 596 (10th Cir.1986) (per curiam); and *citing Baumann v. Ariz. Dep't of Corr*., 754 F.2d 841, 846 (9th Cir.1985)); *see also Rainer v. Chapman*, 513 Fed.Appx. 674, 675 (9th Cir. 2013) (holding that the district court properly dismissed the California prisoner-plaintiff's "due process claims based on his removal from his work assignment and transfer from the facility where his job was located because these allegations did not give rise to a constitutionally protected liberty or property interest.") A prison job is not a basic human need and the loss thereof does not give rise to an Eighth Amendment violation. *See Barno v. Ryan*, 399 F. App'x 272, 273 (9th Cir. 2010) (unpublished opinion); *accord Schessler v. Kostecky,* No. 1:23-CV-01012 BAM PC, 2023 WL 8437599, at *5 (E.D. Cal. July 28, 2023).

**IV. Conclusion and Recommendation**

Based on the above, the Court finds that Plaintiff's first amended complaint states a cognizable claim against Defendant David Castillo for a Fourth Amendment violation for conducting the first strip search with an activated body camera and/or patio camera. However,

Plaintiff's first amended complaint fails to state any other cognizable claims for relief. Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the identified deficiencies and further leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's first amended complaint, filed January 25, 2024, (ECF No. 18), against Defendants David Castillo for a Fourth Amendment violation for conducting the first strip search with an activated body camera and/or patio camera; and
2. All other claims be dismissed based on Plaintiff's failure to state claims upon which relief may be granted.

* * *

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **February 13, 2024**

/s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE