# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL A. TURNER,<br><br>            Plaintiff,<br><br>     v.<br><br>CASTILLO, *et al.*,<br><br>            Defendants. | Case No.  1:23-cv-01449-KES-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR ISSUANCE OF AN INJUNCTION OR TEMPORARY RESTRAINING ORDER<br><br>(ECF No. 25)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.     Background**

Plaintiff Paul A. Turner ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  On February 14, 2024, the Court screened the first amended complaint and issued findings and recommendations that this action proceed against Defendant Castillo for a Fourth Amendment violation for conducting the first strip search with an activated body camera and/or patio camera, and all other claims and defendants be dismissed based on Plaintiff's failure to state claims upon which relief may be granted.  (ECF No. 19.)  Plaintiff filed objections on April 17, 2024, (ECF No. 24), and the findings and recommendations are pending before the assigned District Judge.

Currently before the Court is Plaintiff's motion for issuance of an injunction or temporary restraining order, filed June 13, 2024.  (ECF No. 25.)  Plaintiff states that on April 22, 2024, Plaintiff received an order from the Superior Court of Kern County compelling Plaintiff to attend

1  an arraignment, and requiring Plaintiff's attendance, in Case No. DF018192A.  Plaintiff states
2  that he is in fear for his physical safety because all of the Defendant(s) listed in the instant civil
3  complaint are still currently employed at Kern Valley State Prison ("KVSP") in Delano, and may
4  subject Plaintiff to further retaliation for having brought the matters at issue before the Court.
5  Plaintiff is currently housed at Centinela State Prison ("Centinela"), thus there is no risk of flight
6  from answering to the criminal complaint, and the availability of video court or other electronic
7  means does not require Plaintiff to be physically appear in court.  Plaintiff acknowledges that this
8  Court may not have jurisdiction to issue the requested order under ordinary circumstances, but the
9  issue here is whether either of the named parties to this suit will refrain from intimidating,
10 threatening or using coercion against Plaintiff.  Plaintiff asserts that the complaint alleges a claim
11 of retaliation and also a claim that at least one defendant (Castillo) has previously sought to incite
12 other inmates as well as coworkers to do harm to Plaintiff.  To prevent further deprivation of
13 Plaintiff's rights, Plaintiff therefore requests an injunction to preclude his transfer to KVSP to
14 await adjudication of his criminal matter, or alternatively a temporary restraining order
15 prohibiting Plaintiff's transfer to KVSP until the Court resolves this matter.  Plaintiff asserts that
16 there would be no adverse impact to either the criminal or civil proceedings by granting his
17 request.  Additionally, Plaintiff would suffer adverse effects, such as removal from his
18 rehabilitative class at Centinela and the loss of contact visits due to the fact that Plaintiff will be
19 housed in administrative segregation until the criminal matter is adjudicated.  Plaintiff also
20 believes that the only reason the criminal charges were filed against him was due to Defendant
21 Castillo's influence among his coworkers at the facility.  (*Id.*)

22 **II.     Motion for Preliminary Injunction**

23        "A preliminary injunction is an extraordinary remedy never awarded as of right."  *Winter*
24 *v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted).  "A plaintiff seeking a
25 preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to
26 suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his
27 favor, and that an injunction is in the public interest."  *Id.* at 20 (citations omitted).  An injunction
28 may only be awarded upon a clear showing that the plaintiff is entitled to relief.  *Id.* at 22 (citation

omitted).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. *City of L.A. v. Lyons*, 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Id.* Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Furthermore, the pendency of this action does not give the Court jurisdiction over prison officials in general. *Summers v. Earth Island Inst.*, 555 U.S. 488, 491–93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. *Summers*, 555 U.S. at 491−93; *Mayfield*, 599 F.3d at 969.

Plaintiff has not met the requirements for the injunctive relief he seeks in this motion. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

As explained above, although the undersigned found that Plaintiff's complaint stated a cognizable Fourth Amendment claim against Defendant Castillo for conducting the first strip search with an activated body camera and/or patio camera, those findings and recommendations have not been adopted by the assigned District Judge. As such, this action does not yet proceed on any cognizable claims, no defendant has been ordered served, and no defendant has yet made an appearance. Thus, the Court at this time lacks personal jurisdiction over any defendant or any

1 other prison staff at KVSP or any other institution.  Even if the Court had such jurisdiction,

2 Plaintiff does not have a constitutional right to be incarcerated at a particular correctional facility

3 (or to not be transferred from one facility to another).  *Meachum v. Fano*, 427 U.S. 215, 224–25

4 (1976); *McCune v. Lile*, 536 U.S. 24, 38 (2002). The Court declines to intercede in the security

5 issue presented by preventing placement of inmates in particular housing.

6 Finally, it appears Plaintiff is attempting to challenge an order issued by the Kern County

7 Superior Court by filing a request with this Court.  Based on the facts presented, the Court lacks

8 the authority to prevent enforcement of the order of another court in Plaintiff's unrelated criminal

9 action.  If Plaintiff believes that he will be placed in physical danger if he is transferred for his

10 criminal proceedings, he should file a request with the Kern County Superior Court regarding a

11 possible remote appearance in that case.

**III.    Recommendation**

Accordingly, it is HEREBY RECOMMENDED that Plaintiff's motion for issuance of an injunction or temporary restraining order, (ECF No. 25), be denied.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **June 13, 2024**                                       /s/ *Barbara A. McAuliffe*
                                                                                  UNITED STATES MAGISTRATE JUDGE

4